UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*

AUG 2 2 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 05 CR 150 |
| v. | ) | Hon. John F. Grady |
| | ) | |
| FABIO CARANI | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the attached proposed jury instructions.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY: _Julie B. Ruder_
JULIE B. RUDER
SERGIO E. ACOSTA
Assistant U.S. Attorneys
219 S. Dearborn, 5th Floor
Chicago, Illinois 60604
(312) 886-1317

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, sex, or physical appearance.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

GOVERNMENT INSTRUCTION NO. 1

Seventh Circuit Committee (1999) 1.01

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, sex, or physical appearance.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

GOVERNMENT INSTRUCTION NO. 2

Seventh Circuit Committee (1999) 1.02

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things, the witness's age; the witness's intelligence; the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias or prejudice the witness may have; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

GOVERNMENT INSTRUCTION NO. 3A (Defendant Not Testifying)

Seventh Circuit Committee (1999) 1.03

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things, the witness's age; the witness's intelligence; the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias or prejudice the witness may have; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things, the witness's age; the witness's intelligence; the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias or prejudice the witness may have; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

You should judge the defendant's testimony in the same way that you judge the testimony of any other witness.

GOVERNMENT INSTRUCTION NO. 3B

Seventh Circuit Committee (1999) 1.03 (Defendant testifying)

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things, the witness's age; the witness's intelligence; the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias or prejudice the witness may have; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case.

You should judge the defendant's testimony in the same way that you judge the testimony of any other witness.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

GOVERNMENT INSTRUCTION NO. 4

Seventh Circuit Committee (1999) 1.04

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show another fact that is at issue. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

GOVERNMENT INSTRUCTION NO. 5

Seventh Circuit Committee (1999) 1.05

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show another fact that is at issue. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

GOVERNMENT INSTRUCTION NO. 6

Seventh Circuit Committee (1999) 1.06

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced by any objection or by my ruling on it.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 7

Seventh Circuit Committee (1999) 1.07

It is proper for an attorney to interview any witness in preparation for trial.

The superseding indictment in this case is the formal method of accusing the defendant of offenses and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

Defendant FABIO CARANI is charged in Count One of the superseding indictment with the offense of possessing child pornography. Defendant FABIO CARANI is charged in Counts Two and Three of the superseding indictment with the offense of receiving child pornography.

Defendant has pleaded not guilty to these charges.

GOVERNMENT INSTRUCTION NO. 8

Seventh Circuit Committee (1998) 2.01

The superseding indictment in this case is the formal method of accusing the defendant of offenses and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

Defendant FABIO CARANI is charged in Count One of the superseding indictment with the offense of possessing child pornography. Defendant FABIO CARANI is charged in Counts Two and Three of the superseding indictment with the offense of receiving child pornography.

Defendant has pleaded not guilty to these charges.

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 9

Seventh Circuit Committee (1999) 2.03

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

The defendant has an absolute right not to testify. The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

GOVERNMENT INSTRUCTION NO. 10

Seventh Circuit Committee (1999) 3.01

The defendant has an absolute right not to testify. The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

You have received evidence of statements said to be made by defendant to law enforcement officers. You must decide whether defendant did in fact make the statements. If you find that defendant did make the statements, then you must decide what weight, if any, you feel the statements deserve. In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning defendant himself and the circumstances under which the statements were made.

GOVERNMENT INSTRUCTION NO. 11

Seventh Circuit Committee (1998) 3.02

You have received evidence of statements said to be made by defendant to law enforcement officers. You must decide whether defendant did in fact make the statements. If you find that defendant did make the statements, then you must decide what weight, if any, you feel the statements deserve. In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning defendant himself and the circumstances under which the statements were made.

You have heard evidence of acts of the defendant other than those charged in the superseding indictment. You may consider this evidence only on the question of the defendant's intent, knowledge, and absence of mistake or accident. You should consider this evidence only for these limited purposes.

GOVERNMENT INSTRUCTION NO. 12

Seventh Circuit Committee (1998) 3.04

You have heard evidence of acts of the defendant other than those charged in the superseding indictment. You may consider this evidence only on the question of the defendant's intent, knowledge, and absence of mistake or accident. You should consider this evidence only for these limited purposes.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

GOVERNMENT INSTRUCTION NO. 13

Seventh Circuit Committee (1999) 3.07 (plural)

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

The superseding indictment charges that certain offenses were committed "on or about" certain dates. The government must prove that the offenses in question happened reasonably close to those dates, but is not required to prove that the alleged offenses happened on or within the exact dates listed in the superseding indictment.

GOVERNMENT INSTRUCTION NO. 14

Seventh Circuit Committee (1999) 4.04 (modified - plural)

The superseding indictment charges that certain offenses were committed "on or about" certain dates. The government must prove that the offenses in question happened reasonably close to those dates, but is not required to prove that the alleged offenses happened on or within the exact dates listed in the superseding indictment.

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.   Knowledge may be proved by a defendant's conduct, and by all the facts and circumstances surrounding the case.

GOVERNMENT INSTRUCTION NO.  15

Seventh Circuit Committee (1999) 4.06

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.  Knowledge may be proved by a defendant's conduct, and by all the facts and circumstances surrounding the case.

The defendant is charged in Count One of the superseding indictment with possession of child pornography. Title 18, United States Code, Section 2252A(a)(5)(B), makes it a Federal crime for any person to knowingly possess material that contains an image of child pornography that was produced using materials that have been shipped or transported in interstate or foreign commerce, by any means.

To sustain the charge of possession of child pornography, the government must prove the following propositions:

First, that the defendant knowingly possessed material that contained video images of child pornography; and

Second, that the images were produced using materials that had been shipped or transported in interstate or foreign commerce.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO. 16

Title 18, United States Code, Section 2252A(a)(5)(B)

The defendant is charged in Count One of the superseding indictment with possession of child pornography. Title 18, United States Code, Section 2252A(a)(5)(B), makes it a Federal crime for any person to knowingly possess material that contains an image of child pornography that was produced using materials that have been shipped or transported in interstate or foreign commerce, by any means.

To sustain the charge of possession of child pornography, the government must prove the following propositions:

First, that the defendant knowingly possessed material that contained video images of child pornography; and

Second, that the images were produced using materials that had been shipped or transported in interstate or foreign commerce.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Possession of an object is the ability to control it. Possession may exist even when a person is not in physical contact with the object, but knowingly has the power and intention to exercise direction and control over it, either directly or through others.

GOVERNMENT INSTRUCTION NO. 17

Seventh Circuit Committee (1999), Definition of Possession at 235.

Possession of an object is the ability to control it. Possession may exist even when a person is not in physical contact with the object, but knowingly has the power and intention to exercise direction and control over it, either directly or through others.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct.

GOVERNMENT INSTRUCTION NO. 18

Title 18, United States Code, Section 2256(8)

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

GOVERNMENT INSTRUCTION NO. 19

Title 18, United States Code, Section 2256(1)

The term "minor" means any person under the age of eighteen years.

The term "sexually explicit conduct" means actual or simulated:

(a)    sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b)    bestiality;

(c)    masturbation;

(d)    sadistic or masochistic abuse; or

(e)    lascivious exhibition of the genitals or pubic area of any person.

GOVERNMENT INSTRUCTION NO. 20

Title 18, United States Code, Section 2256(2)(A)

The term "sexually explicit conduct" means actual or simulated:

(a)    sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b)    bestiality;

(c)    masturbation;

(d)    sadistic or masochistic abuse; or

(e)    lascivious exhibition of the genitals or pubic area of any person.

The term "materials that had been shipped or transported in interstate or foreign commerce" means the movement of materials from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

GOVERNMENT INSTRUCTION NO. 21

Title 18, United States Code, Sections 10 and 2252A

The term "materials that had been shipped or transported in interstate or foreign commerce" means the movement of materials from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The defendant is charged in Counts Two and Three of the superseding indictment with receipt of child pornography. Title 18, United States Code, Section 2252A(a)(2), makes it a Federal crime for any person to knowingly receive any child pornography that has been shipped or transported in interstate or foreign commerce, by any means, including by computer.

To sustain the charge of receipt of child pornography, the government must prove the following propositions:

First, that the defendant received child pornography;

Second, that the defendant knew that the material he was receiving depicted a minor engaged in sexually explicit conduct; and

Third, that the child pornography was shipped or transported in interstate or foreign commerce.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO. 22

Title 18, United States Code, Section 2252A(a)(2)

The defendant is charged in Counts Two and Three of the superseding indictment with receipt of child pornography. Title 18, United States Code, Section 2252A(a)(2), makes it a Federal crime for any person to knowingly receive any child pornography that has been shipped or transported in interstate or foreign commerce, by any means, including by computer.

To sustain the charge of receipt of child pornography, the government must prove the following propositions:

First, that the defendant received child pornography;

Second, that the defendant knew that the material he was receiving depicted a minor engaged in sexually explicit conduct; and

Third, that the child pornography was shipped or transported in interstate or foreign commerce.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Each count of the superseding indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count.  Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

GOVERNMENT INSTRUCTION NO. 23

Seventh Circuit Committee (1998) 7.03

Each count of the superseding indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count.  Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

If you find the defendant guilty, it will then be my job to decide what punishment should be imposed. In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

GOVERNMENT INSTRUCTION NO. 24

Shannon v. United States, 512 U.S. 573, 579 (1994)

Rogers v. United States, 422 U.S. 35, 40 (1975)

If you find the defendant guilty, it will then be my job to decide what punishment should be imposed. In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court. Forms of verdict have been prepared for you. [Forms of verdict read.] Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

GOVERNMENT INSTRUCTION NO. 25

Seventh Circuit Committee (1999) 7.01

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court. Forms of verdict have been prepared for you. [Forms of verdict read.] Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal. If any communication is made, it should not indicate the jury's numerical division.

GOVERNMENT INSTRUCTION NO. 26

Seventh Circuit Committee (1999) 7.05 (modified)

I do not anticipate that you will need to communicate with me.  If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.  If any communication is made, it should not indicate the jury's numerical division.

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

All twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 27

Seventh Circuit Committee (1999) 7.06

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

All twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA    )
                                 )    No. 05 CR 150
          v.              )    Hon. John F. Grady
                                 )
FABIO CARANI               )

## V E R D I C T

We, the jury, find the defendant, FABIO CARANI, NOT GUILTY

as charged in the Indictment.


_____      _____

    FOREPERSON

_____      _____


_____      _____


_____      _____


_____      _____


_____      _____


                                                   _____
                                                          Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA          )
                                  )          No. 05 CR 150
        v.                        )          Hon. John F. Grady
                                  )
FABIO CARANI                      )

## V E R D I C T

We, the jury, find the defendant, FABIO CARANI, GUILTY as charged in the

Indictment.

_____          _____

    FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

                                                      Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA    )
    )   No. 05 CR 150
    v.    )   Hon. John F. Grady
    )
FABIO CARANI    )

# V E R D I C T

We, the jury, find the defendant, FABIO CARANI, GUILTY as charged in

Count(s)_____of the Indictment and NOT GUILTY as Charged in Count(s)

_____of the Indictment.


_____

    FOREPERSON

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
    Date

## CERTIFICATE OF SERVICE

I, Julie B. Ruder, an Assistant United States Attorney, state that on August 22, 2005, I caused a copy of the Government's Proposed Jury Instructions to be delivered via fax and U.S. mail, to the following:

Carolyn P. Gurland
Genson & Gillespie
53 W. Jackson, Suite 1420
Chicago, IL 60604
Fax: (312) 939-3654

Dennis A. Berkson
Dennis A. Berkson & Associates Ltd.
180 N. LaSalle
Suite 1925
Chicago, IL 60601
Fax: (312) 726-1663

_____
Julie B. Ruder